In the Supreme Court of Georgia

Decided:   September 22, 2014

S14U0705.  IN RE:  FORMAL ADVISORY OPINION NO. 13-1.

PER CURIAM.

On October 23, 2013, the Formal Advisory Opinion Board issued Formal Advisory Opinion No. 13-1, which was filed in this Court on January 21, 2014. See State Bar Rule 4-403 (d).  On May 19, 2014, we granted the State Bar of Georgia's petition for discretionary review.  See id.  After considering the record and the State Bar's brief, we hereby approve Formal Advisory Opinion No. 13-1, which is attached to this opinion as an appendix.

# APPENDIX

STATE BAR OF GEORGIA
ISSUED BY THE FORMAL ADVISORY OPINION BOARD
PURSUANT TO RULE 4-403 ON OCTOBER 23, 2013
FORMAL ADVISORY OPINION NO. 13-1

## QUESTIONS PRESENTED

1.      Does a Lawyer[1] violate the Georgia Rules of Professional Conduct when he/she conducts a "witness only" real estate closing?

2.      Can a Lawyer who is closing a real estate transaction meet his/her obligations under the Georgia Rules of Professional Conduct by reviewing, revising as necessary, and adopting documents sent from a lender or from other sources?

3.      Must all funds received by a Lawyer in a real estate closing be deposited into and disbursed from the Lawyer's trust account?

## SUMMARY ANSWER

1.      A Lawyer may not ethically conduct a "witness only" closing.  Unless parties to a transaction are handling it pursuant to Georgia's *pro se* exemption, Georgia law requires that a Lawyer handle a real estate closing (see O.C.G.A. § 15-19-50, UPL Advisory Opinion No. 2003-2 and Formal Advisory Opinion No. 86-5)[2].  When handling a real estate closing in Georgia a Lawyer does not absolve himself/herself from violations of the Georgia Rules of Professional Conduct by claiming that he/she has acted only as a witness and not as an attorney.  (See UPL Advisory Opinion No. 2003-2 and Formal Advisory Opinion No. 04-1).

2.      The closing Lawyer must review all documents to be used in the transaction, resolve any errors in the paperwork, detect and resolve ambiguities in title or title defects, and otherwise act with competence.  A Lawyer conducting a real estate closing may use documents prepared by others after ensuring their accuracy, making necessary revisions, and adopting the work.

3.      A Lawyer who receives funds in connection with a real estate closing must deposit them

---

[1] Bar Rule 1.0(j) provides that "Lawyer" denotes a person authorized by the Supreme Court of Georgia or its Rules to practice law in the State of Georgia, including persons admitted to practice in this state *pro hac vice*.

[2]  The result is to exclude Nonlawyers as defined by Bar Rule 1.0(k), Domestic Lawyers as defined by Bar Rule 1.0(d), and Foreign Lawyers as defined by Bar Rule 1.0(f), from the real estate closing process.

into and disburse them from his/her trust account or the trust account of another Lawyer. (See Georgia Rule of Professional Conduct 1.15(II) and Formal Advisory Opinion No. 04-1).

## OPINION

A "witness only" closing occurs when an individual presides over the execution of deeds of conveyance and other closing documents but purports to do so merely as a witness and notary, not as someone who is practicing law. (UPL Advisory Opinion No. 2003-2). In order to protect the public from those not properly trained or qualified to render these services, Lawyers are required to "be in control of the closing process from beginning to end." (Formal Advisory Opinion No. 00-3). A Lawyer who purports to handle a closing in the limited role of a witness violates the Georgia Rules of Professional Conduct.

In recent years many out-of-state lenders, including some of the largest banking institutions in the country, have changed the way they manage the real estate transactions they fund. The following practices of these lenders have been reported. These national lenders hire attorneys who agree to serve the limited role of presiding over the execution of the documents (i.e., "witness only" closings). In advance of a "witness only" closing an attorney typically receives "signing instructions" and a packet of documents prepared by the lender or at the lender's direction. The instructions specifically warn the attorney NOT to review the documents or give legal advice to any of the parties to the transaction. The "witness only" attorney obtains the appropriate signatures on the documents, notarizes them, and returns them by mail to the lender or to a third party entity.

The Lawyer's failure to review closing documents can facilitate foreclosure fraud, problems with title, and other errors that may not be detected until years later when the owner of a property attempts to refinance, sell or convey it.

A Lawyer must provide competent representation and must exercise independent professional judgment in rendering advice. (Rules 1.1 and 2.1, Georgia Rules of Professional Conduct). When a Lawyer agrees to serve as a mere figurehead, so that it appears there is a Lawyer "handling" a closing, the Lawyer violates his/her obligations under the Georgia Rules of Professional Conduct (Rule 8.4). The Lawyer's acceptance of the closing documents or signature on the closing statement is the imprimatur of a successful transaction. Because UPL Advisory Opinion No. 2003-2 and the Supreme Court Order adopting it require (subject to the *pro se* exception) that only a Lawyer can close a real estate transaction, the Lawyer signing the closing statement or accepting the closing documents would be found to be doing so in his or her capacity as a Lawyer. Therefore, when a closing Lawyer purports to act merely as a witness, this is a misrepresentation of the Lawyer's role in the transaction. Georgia Rule of Professional Conduct 8.4(a)(4) provides that it is professional misconduct for an attorney to engage in "conduct involving . . . misrepresentation."

3

The Georgia Rules of Professional Conduct allow Lawyers to outsource both legal and nonlegal work. (See ABA Formal Advisory Opinion 08-451.) A Lawyer does not violate the Georgia Rules of Professional Conduct by receiving documents from the client or elsewhere for use in a closing transaction, even though the Lawyer has not supervised the preparation of the documents. However, the Lawyer is responsible for utilizing these documents in compliance with the Georgia Rules of Professional Conduct, and must review and adopt work used in a closing. Georgia law allows a title insurance company or other persons to examine records of title to real property, prepare abstracts of title, and issue related insurance. (O.C.G.A. § 15-19-53). Other persons may provide attorneys with paralegal and clerical services, so long as "at all times the attorney receiving the information or services shall maintain full professional and direct responsibility to his clients for the information and services received." (O.C.G.A. § 15-19-54; also see UPL Advisory Opinion No. 2003-2 and Rules 5.3 and 5.5, Georgia Rules of Professional Conduct).

The obligation to review, revise, approve and adopt documents used in a real estate closing applies to the entire series of events that comprise a closing. (Formal Advisory Opinions No. 86-5 and 00-3, and UPL Advisory Opinion No. 2003-2). While the Supreme Court has not explicitly enumerated what all of those events are, they may include, but not be limited to: (i) rendering an opinion as to title and the resolution of any defects in marketable title; (ii) preparation of deeds of conveyance, including warranty deeds, quitclaim deeds, deeds to secure debt, and mortgage deeds; (iii) overseeing and participating in the execution of instruments conveying title; (iv) supervising the recordation of documents conveying title; and (v) in those situations where the Lawyer receives funds, depositing and disbursing those funds in accordance with Rule 1.15(II). Even if some of these steps are performed elsewhere, the Lawyer maintains full professional and direct responsibility for the entire transaction and for the services rendered to the client.

Finally, as in any transaction in which a Lawyer receives client funds, a Lawyer must comply with Georgia Rule of Professional Conduct 1.15(II) when handling a real estate closing. If the Lawyer receives funds on behalf of a client or in any other fiduciary capacity he/she must deposit the funds into, and administer them from, a trust account in accordance with Rule 1.15(II). (Formal Advisory Opinion No. 04-1 ). It should be noted that Georgia law also allows the lender to disburse funds. (O.C.G.A. § 44-14-13(a)(10)). A Lawyer violates the Georgia Rules of Professional Conduct when he/she delivers closing proceeds to a title company or to a third party settlement company for disbursement instead of depositing them into and disbursing them from an attorney escrow account.